### IN THE

## SUPERIOR COURT OF JUDICATURE.

### FOR THE

## COUNTY OF GRAFTON, NOVEMBER TERM,

### A. D. 1830.

---

### MARY M. DYER, *versus* JOSEPH DYER.

A religious sect or society, which professes to believe that it is unlawful for a man and wife to cohabit together as man and wife is a religious sect or society which professes to believe the relation between man and wife unlawful and void within the meaning of the statute of December 21, 1824.

And where a husband has joined such a society, and continued with the same during the period mentioned in the statute, the wife not having belonged to such a society during the same period, such continuance of the husband with such society, is in law a refusal to cohabit with the wife within the intent of the said statute.

THIS was a libel for divorce, by the wife against the husband. The libel alleged, that the parties were married on the 11th October, 1799, at Northumberland ; that the husband, on the 1st July, 1813, separated himself from the wife, and joined and united himself with the religious sect of Shakers, so called, which sect believed, or professed to believe, the relation between husband and wife void and unlawful ; that the husband had ever since continued so separated from the wife, and united with

the said sect, and during all the time had refused to cohab-
it with the wife.   The libel was filed at May Term, 1828.

*Rogers,* for the libellant.

*Bell,* for the libellee.

*By the court.*   This libel is founded upon the statute of
December 21, 1821.   The first section enacts, " that any
husband or wife, separating him or herself from the oth-
er, and joining and uniting him or herself with any  reli-
gious sect or society, that believes, or professes to believe,
the relation between husband and wife void or unlawful,
and such husband or wife continuing to live so united
with such sect or society for the space of three years,
and refusing during that time to cohabit with the other,
who shall not have joined and continued united with
such sect or society, shall be deemed and taken to be a
sufficient cause of divorce from the bonds of matrimony."

The second section enacts, " that in cases where such
husband or wife has, before the passing of this act, so
separated from the other and joined and united with such
sect or society, and has continued to live with  such sect
or society, for said space of three years, and has so refus-
ed to cohabit during said time, the other party not hav-
ing joined and continued united with such sect or society,
and shall for the space of six months after the passing of
this act continue so separated from the other and unit-
ed with such sect or society, and shall, during that time,
so refuse to cohabit, the same shall be deemed and taken
to be a sufficient cause of divorce from the bonds of matri-
mony."

The evidence is clear and undisputed, that both the
husband and wife, in this case, united themselves with
the Shakers at Enfield, in November, 1813, and that the
husband has ever since continued to live with the Sha-
kers in that place.   The wife must, therefore, to entitle
herself to a divorce, bring her case within the second
section of the said statute.   The first question is, wheth-
er it is shown that the Shakers believe, or profess to

believe, the relation between husband and wife void or unlawful within the meaning of the statute ?

The evidence, on the part of the wife, in this case, shows very fully that the Shakers profess to believe that there is nothing in the relation between husband and wife, except the obligation which the law imposes upon the husband to maintain the wife ; that with this exception, the wife is no more to the husband, nor the husband to the wife, than any other person ; that the relation of husband and wife is not to be acknowledged or known among them ; and that it is unlawful for man and wife to cohabit together as man and wife. All this is proved by persons who have been members of the society, and have had opportunities to become acquainted with their principles and opinions.

On the part of the husband, it is also fully proved in this case, that the Shakers believe the marriage contract to be lawful, and that the parties to it are bound to fulfil all the moral duties it imposes ; that the husband is bound to make comfortable provision for the support of his wife, and that the wife is bound on her part to conduct herself in a discreet and seemly way in submission to her husband.

We see no conflict in the testimony on this point. The Shakers believe the contract of marriage to be a lawful contract, and the parties to it bound to fulfil all its duties, which the laws can enforce. But the evidence shows, and it is not denied, that they also believe, or profess to believe, that cohabitation is not one of the duties resulting from the relation of husband and wife, and that with respect to the great end of matrimony, the continuation of the species, they hold the relation to be void and unlawful. This is distinctly stated by several of the witnesses introduced by the wife, and is denied by no one of the witnesses introduced by the husband.

We have therefore no hesitation in saying, that we think it clearly proved, that the Shakers are a sect pro-

fessing to believe the relation of husband and wife unlawful and void within the meaning of the statute.

But in order to bring the case within the statute, it is necessary to show that the husband continued to live with the Shakers for the space of three years next before the 21st December, 1824, and for the space of six months next following that time, and during all those periods refused to cohabit with the wife, she not having continued united with the society.

It is clearly proved, and indeed it is not denied, that the husband has, in this case, resided with the Shakers during the last ten years ; and that the wife has not been united with the society during any part of that time. It is also proved, that the husband has declared that he considered it a sin to cohabit with his wife, and that it was against his faith so to do. We have the affidavit of the wife, that she has been desirous to cohabit with her husband, and we see no reason to doubt the fact ; and she also swears, that he has constantly refused to cohabit with her.

We are of opinion that the continuance of the husband with the Shakers, and holding the opinion he is proved to hold on the subject of cohabitation, is in law a refusal to cohabit with his wife within the intent of the statute.

*A divorce is therefore decreed.*